# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:22-cv-00053-RJC

| | | |
|---|---|---|
| ROBERT A. DIETZEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | <u>Order</u> |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (Doc. Nos. 8, 10). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence and affirms the decision. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

## I.       BACKGROUND

Plaintiff Robert Dietzel ("Dietzel") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of his social security claim. Dietzel filed his application for disability insurance benefits on June 11, 2020, with an alleged onset date of February 7, 2020. (Tr.[1] 19).

In denying Dietzel's social security claim, the ALJ conducted a five-step sequential evaluation. (*Id.* at 21-34). At step one, the ALJ found that Dietzel had not engaged in substantial gainful activity since February 7, 2020, the alleged onset date. (*Id.* at 21). At step two, the ALJ found that Dietzel had the following combination of severe impairments: degenerative disc disease

---

[1]  Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 6.

(DDD) with a history of L5-S1 fusion, major joint dysfunction, obesity, affective disorder and anxiety disorder, including posttraumatic stress disorder (PTSD). (*Id.*). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 23-25). Before moving to step four, the ALJ found that Dietzel had the residual functional capacity ("RFC") as follows:

> to perform light work as defined in 20 CFR 404.1567(b)[.] In particular, the claimant can lift or carry up to 20 pounds occasionally and 10 pounds frequently. He can stand or walk for approximately 6 hours of an 8-hour workday and sit for approximately 6 hours of an 8-hour workday with normal breaks. The claimant can never climb ladders, ropes and scaffolds, occasionally climb ramps and stairs, kneel, crouch, and crawl. Can occasionally stoop to lift within the exertional level from the floor to the waist, frequently stoop to lift within the exertional level from waist height and above, and frequently balance. He can occasionally be exposed to noise, pulmonary irritants (such as fumes, smoke, odors, excessive dust, gases and poor ventilation), and hazards associated with unprotected dangerous machinery or unprotected heights. He can concentrate, persist and maintain pace sufficient to understand, remember and carry out unskilled, routine tasks in a low stress work environment (defined as being free of fastpaced or team-dependent production requirements), involving simple work-related decisions, occasional independent judgment skills and occasional workplace changes. The claimant can perform jobs where the worker is largely isolated from the general public, dealing with data and things rather than people. He can perform jobs where the work duties can be completed independently from coworkers; however, physical isolation is not required. He can respond appropriately to supervision.

(*Id.* at 25-32). At step four, the ALJ found that Dietzel is unable to perform any past relevant work, but at step five found that he could perform jobs that existed in significant numbers in the national economy. (*Id.* at 32-34).

After exhausting his administrative remedies, Dietzel brought the instant action for review of Defendant's decision denying his application for disability benefits. (Doc. No. 1).

## II.    STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether

the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District

Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d

343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v.

Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact,

if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*,

782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)),

the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing]
> more than creat[ing] a suspicion of the existence of a fact to be established. It
> means such relevant evidence as a reasonable mind might accept as adequate to
> support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical

evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the

evidence again, nor to substitute its judgment for that of the Commissioner, assuming the

Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at

1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775.

Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is

"substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683

F.2d 838, 841 (4th Cir. 1982).

### III.     DISCUSSION OF CLAIM

Dietzel argues the ALJ committed reversible error by failing to give weight to or evaluate a 100% disability rating by the Veterans Administration ("VA"), in light of *Bird v. Commissioner,* 699 F.3d 337 (4th Cir. 2012). Defendant argues that new regulations control rather than *Bird*, and the ALJ considered the supporting evidence.

In *Bird*, the Fourth Circuit held that the ALJ must give substantial weight to a VA disability rating unless the record before the ALJ "clearly demonstrates" that such a deviation from a finding of substantial weight is appropriate. 699 F.3d at 343–44. However, the rules changed for applications filed after March 27, 2017. As Dietzel's application was filed on June 11, 2020, the ALJ was not required to give the VA disability rating controlling weight. Instead, the ALJ only had to consider the evidence underlying the VA disability rating decision.

> Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4).

20 C.F.R. § 404.1504. Thus, there is an incongruity between *Bird* and the new regulation. As "there is no Fourth Circuit precedent" on this issue, this Court previously determined based on *Chevron* and its progeny that the new regulation controls. *Rogers v. Commissioner*, 3:20-cv-00206-RJC-DSC, 2022 WL 135310 (W.D.N.C. Jan. 13, 2022). Accordingly, the ALJ was not required to give the VA disability rating substantial weight nor was the ALJ required to explain his analysis of the VA disability rating.

The ALJ discussed the medical evidence underlying the VA disability determination. He explained that "[a]lthough the undersigned considered any supporting evidence of your VA decision, no analysis is given as to the opinion finding you disabled as it is not binding on the Social Security Administration." (Tr. 32). Dietzel claims that the ALJ disregarded the supporting medical records from the Portsmouth Naval Medical Center Veterans Affairs and Charles George VA Medical Center. (Doc. No. 8-1 at 5). However, the ALJ's decision confirms that he considered "any supporting evidence of [Dietzel's] VA decision," and throughout the ALJ's decision he considered and discussed VA medical records, including specifically the records from the Portsmouth Naval Medical Center Veterans Affairs and Charles George VA Medical Center. (Tr. 22, 24, 27-32). Under the revised rules, the ALJ was only required to consider all supporting evidence underlying another agency's disability decision. 20 C.F.R. § 404.1504. The ALJ did that here, and there is no error.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.    Plaintiff's Motion for Summary Judgment, (Doc. No. 8), is **DENIED**;

2.    Defendant's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**; and

3.    Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 9, 2023

Robert J. Conrad, Jr.
United States District Judge